**JANOVE PLLC**
Raphael Janove (*pro hac vice* forthcoming)
500 7th Ave., 8th Fl.
New York, NY 10018
(646) 347-3940
raphael@janove.law

Liana Vitale (SBN 348772)
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
(805) 505-9550
liana@janove.law

*Attorneys for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oliver Tsuya, individually and on behalf of others similarly situated, | Case No: 24-CV-9078 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| PLEX, INC. and PLEX GMBH, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Class Action Complaint

1. Plaintiff Oliver Tsuya ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action suit for damages and equitable relief against Plex, Inc. and Plex GmbH (collectively, "Plex" or "Defendants"). Plaintiff alleges the following based upon personal information as to allegations regarding himself, and on his own investigation, on the investigation of his counsel, or on information and belief as to all other allegations:

## NATURE OF THE ACTION

2. Plaintiff brings this action to address Plex's refusal to pay arbitration filing fees invoiced by Judicial Arbitration and Mediation Services, Inc. ("JAMS") pursuant to the arbitration rules specifically chosen by Plex in an arbitration agreement that Plex drafted and imposed on all Plex users, including Plaintiff.

3. Defendants operate a sophisticated media platform that combines user-generated content with ad-supported streaming services, allowing users to organize and access personal media libraries alongside thousands of prerecorded movies and TV shows. Plex also unlawfully spies on its users, collecting and sharing information about their viewing habits.

4. Plaintiff and members of the proposed classes are Plex accountholders and users.

5. According to Plex's Terms of Service (the "Terms," attached as Exhibit A), revised June 6, 2023, effective when Plaintiff's claims accrued and under which Plaintiff sought to initiate arbitration, any disputes Plaintiff has with Plex must be brought in arbitration administered by JAMS.

6. While not contractually obligated to do so, Plaintiff, along with other individuals represented by undersigned counsel (hereafter collectively referred to as "Plaintiff and Other Claimants" or "Claimants"), sent Plex a notice of dispute dated May 20, 2024, offering to engage in a good-faith effort to resolve Plaintiff and Other Claimants' claims before initiating arbitration, including by sharing information to substantiate their claims.

1

Class Action Complaint

7. The notice of dispute advised that Plaintiff and Other Claimants sought relief under a variety of laws depending on their state of residence and other factors, bringing claims under, *inter alia*, the Video Privacy Protection Act ("VPPA") and the California Invasion of Privacy Act ("CIPA").

8. Claimants' good-faith efforts to resolve these claims without resorting to arbitration were unsuccessful. So Plaintiff and the Other Claimants initiated arbitration through JAMS, as required by Plex's Terms.

9. Plex then argued that JAMS should not apply the arbitration rules the parties expressly agreed to in the Terms, an argument JAMS rejected. JAMS also directed Plex to pay the filing fees required by the Terms Plex drafted.

10. Instead of fulfilling its contractual duties by accepting JAMS' decision and paying the filing fees JAMS invoiced, Plex simply refused to pay, making it so the arbitration proceedings cannot move forward. This situation persists to this day, leaving Plaintiff and the proposed classes without a pathway to advance the arbitrations they are contractually entitled to pursue, and no way to hold Plex accountable for its unlawful conduct.

11. "There is a fundamental problem with [Plex]'s approach in this case: if a party can escape a mandatory arbitration provision and move a case to court simply by not paying its arbitrator . . . such arbitration provisions will lose their force. A mandatory arbitration provision would become an optional arbitration provision." *Shenzhen Xingchen Xuanyuan Indus. Co. v. Amazon.com Servs. LLC*, No. 1:23-CV-6549-GHW, 2024 WL 2836486, at *9 (S.D.N.Y. May 30, 2024).

12. Plex's misconduct would nullify the arbitration agreement for not just one, but thousands of consumers. Plex's charade of a "dispute resolution" system compels individuals into a purported arbitration process that offers no real avenue for redress—because Plex can derail it at any time by refusing to comply with its payment obligations. Meanwhile, Plex reserves for itself the unilateral ability to compel arbitration at its discretion when it suits Plex. The law does not allow this abuse of the

1 arbitration system.

2     13.    Plaintiff therefore brings this proposed class action for breach of contract, seeking relief and sanctions under Cal. Code Civ. P. § 1281.97, as well as relief under Cal. Bus. & Pro Code § 17200. Plaintiff further seeks compensatory and punitive damages, statutory damages, attorney's fees, and both injunctive and declaratory relief, including ordering Plex to pay the JAMS filing fees to allow arbitration to proceed.

**PARTIES**

    14.    Plaintiff Oliver Tsuya is a natural person and a Utah resident.

    15.    Defendant Plex, Inc. is a Delaware corporation with its principal place of business at 1999 South Bascom Avenue, Suite 700, PMB 735, Campbell, California 95008.

    16.    Defendant Plex GmbH is a Swiss corporation with its principal place of business at Wilhelmine-Gemberg-Weg 6 10179 Berlin, Germany. By using Plex, Plaintiff and class members entered into the Terms with "Plex GmbH and its affiliates, including Plex, Inc., a Delaware company."

    17.    At all times relevant herein Defendants conducted business in the State of California, in the County of Santa Clara, within this judicial district.

**JURISDICTION & VENUE**

    18.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs; the number of members of the proposed Classes exceeds 100; and many members of the proposed Classes are citizens of different states than Defendants.

    19.    The Court has general jurisdiction over Defendant Plex, Inc. because it is headquartered in Campbell, California.

    20.    This Court has personal jurisdiction over Defendants because a substantial portion of the events and conduct giving rise to Plaintiff's claims occurred in California.

Class Action Complaint

21. Upon information and belief, key figures in Plex's corporate hierarchy, including Plex Inc.'s CEO, Keith Valory, are domiciled in California.

22. The Terms are governed by California law, and specifically provide that "[t]his TOS has been made in and will be construed and enforced in accordance with the laws of the State of California as applied to agreements entered into and completely performed in the State of California."

23. The Terms require that any arbitration "shall be carried on and heard in Santa Clara County, California." The Terms also incorporate Cal. Cod. Civ. Proc. § 1283.05 "with respect to discovery."

24. The Terms also state that "any action to enforce this TOS will be brought in the courts presiding in the Superior Court of Santa Clara County and the United States District Court for the Northern District of California, and all parties to this TOS expressly agree to be subject to the jurisdiction of such courts."

25. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendants conducted business within this judicial district at all times relevant.

26. This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

**DIVISIONAL ASSIGNMENT**

27. Assignment to the San Jose is proper under Civil Local Rules 3-2(c) and 3-2(e) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County.

**FACTUAL ALLEGATIONS**

**A.   Defendants Require their Customers to Arbitrate in JAMS**

28. From June 6, 2023 to April 11, 2024, Plex required each of its users, including Plaintiff, to agree to its non-negotiable Terms, revised June 6, 2023. *See* Ex. A.

29. The Plex Terms, under which Plaintiff and Other Claimants sought relief,

4

Class Action Complaint

apply broadly to users of Defendants' website, software, mobile, or web applications, or any related Plex Service(s):

> By using or otherwise accessing the Plex website, a Plex software, mobile, or web application(s), or any related Plex service(s) (collectively, the "Plex Solution"), you accept and agree to the following Terms of Service (this "TOS").

30. The Terms also contain a broad arbitration clause:

> You agree that all disputes between you and Plex (whether or not such dispute involves a third party) with regard to your relationship with Plex, including, without limitation, disputes related to this TOS, your use of the Plex Solution, and/or rights of privacy and/or publicity (whether pursuant to federal or state statute or the common law), will be resolved by binding, individual arbitration.[1]

31. The arbitration clause mandates arbitration in JAMS:

> Without limiting Plex's right to seek injunctive or other equitable relief (as set forth below), any disputes arising with respect to this TOS between you and Plex ("parties") shall be referred to an arbitrator affiliated with the Judicial Arbitration and Mediation Services, Inc. ("JAMS").

32. The arbitration clause specifically states that the JAMS Streamlined Arbitration Rules and Procedures apply:

> Arbitration shall be conducted under the rules then prevailing of JAMS/ENDISPUTE Streamlined Arbitration Rules and Procedures in effect at the time of filing of the demand for arbitration.

33. The clause further states that:

> The arbitration proceeding shall be carried on and heard in Santa Clara County, California using the English language.

34. Despite designating the JAMS as the arbitration provider and specifically

---

[1] The arbitration clause forces Plex users to waive the right to a class action, but Plex cannot selectively enforce this aspect of the Terms while it denies Claimants the right to pursue their claims by not complying with its own obligations under the arbitration agreement.

5
Class Action Complaint

mandating that the JAMS Streamlined Arbitration Rules and Procedures would govern any arbitration, Plex refuses to engage in arbitration under those rules.

### B.     Plex Prevents JAMS from Administering Arbitrations

35.     On May 20, 2024, undersigned counsel on behalf of Plaintiff and Other Claimants sent a notice of dispute letter to Plex via USPS Certified Mail, offering to negotiate a good-faith resolution of Claimants' claims.

36.     In that letter, Claimants asserted claims under the Video Privacy Protection Act ("VPPA") and the California Invasion of Privacy Act ("CIPA"). A 30-day window was offered for good-faith discussions to avoid formal arbitration.

37.     The parties entered into a tolling agreement. On July 2 and July 16, 2024, Plaintiff's counsel delivered spreadsheets of Claimants' data to Defendants, reiterating their commitment to resolving Claimants' claims through mediation or global settlement discussions in lieu of arbitration.

38.     Despite agreeing to review the Claimants' data and identify any individual it claimed did not have a valid Plex account, Plex never did so (although on September 4, 2024, Plex confirmed that "most" of the claimants were "registered" users).

39.     On September 12, 2024, after further communications resulted in little progress, Plaintiff and some of the Other Claimants filed their demands for arbitration with JAMS, in accordance with the Terms.

40.     On October 14, 2024, JAMS invoiced Defendants for their share of the non-refundable filing fees, totaling $834,000. Payment was due upon receipt of the invoice. Defendants did not pay.

41.     On November 6, 2024, Defendants and their Counsel submitted a letter to JAMS, copying Claimants' Counsel, in which they contended that they were not obligated to pay the filing fees mandated by the JAMS Streamlined Arbitration Rules and Procedures because Defendants now preferred to proceed under JAMS mass arbitration rules, which impose a smaller filing fee.

42.     The following day, November 7, 2024, Claimants' Counsel responded

with a letter outlining that the Terms explicitly mandated individual arbitration under the JAMS Streamlined Arbitration Rules and Procedures and prohibited any consolidation of the claims.

43. On November 13, 2024, JAMS issued a letter rejecting Defendants' position, and concluding that the Terms compelled Plex to pay its portion of the fees under the JAMS Streamlined Arbitration Rules and Procedures.

44. On November 27, 2024, JAMS—two weeks after rejecting Plex's argument that it was not obligated to pay the filing fees invoiced on October 14, 2024—followed up with Defendants once again inquiring about payment of the outstanding filing fees that had been invoiced over a month ago. To date, Defendants have ignored JAMS.

45. Despite JAMS's ruling and the clear language of its own Terms, Plex has refused to pay the filing fees invoiced by JAMS, leaving Plaintiff and other claimants unable to proceed in arbitration.

46. The October 14, 2024 invoice has now been pending for more than 30 days, without payment. It has also been more than 30 days since November 13, 2024, when JAMS rejected Defendants' request to recalculate the filing fees under a different set of arbitration rules, confirming there was no basis for Defendants to withhold payment on the October 14, 2024 invoice.

47. Accordingly, Plaintiff brings this instant action.

**CLASS ACTION ALLEGATIONS**

48. Plaintiff brings this lawsuit as a class action under F.R.C.P. 23.

49. Plaintiff proposes the following Class, initially defined as follows:

> **Nationwide Class**: All persons in the United States whose arbitration with Defendants did not proceed as a result of Defendants' failure to pay filing fees with JAMS and comply with the JAMS Streamlined Arbitration Rules and Procedures and Defendants' own Terms, and/or such subclasses as the Court may deem appropriate.

7

Class Action Complaint

50. The "Class Period" is defined as two years prior to the date of the filing of this action plus any applicable tolling, through the date of final disposition of this action.

51. Excluded from each Class are: (1) Defendants, any entity or division in which Defendants has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

52. Plaintiff reserves the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

53. The claims of all class members derive directly from a single course of conduct by the Defendants. Defendants have engaged and continue to engage in uniform and standardized conduct toward the class members.

54. Certification of Plaintiff's claims is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

55. Accordingly, Plaintiff brings this lawsuit as a class action on Plaintiff's own behalf and on behalf of all other business, entities, and individuals similarly situated pursuant under Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions.

56. Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

57. **Numerosity** (Fed. R. Civ. P. 23(a)(1)): The members of the proposed Class are so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed the class includes hundreds of members.

58. **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)):

Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

    a) Whether Defendants breached their contract with Plaintiff and the Class by obstructing the arbitration process required under Defendants' Terms;

    b) Whether Plaintiff and the Class are entitled to relief under S.B. 707;

    c) Whether Plaintiff and the Class are entitled to relief under Cal. Business & Professional Code § 17200 *et seq*;

    d) Whether Plaintiff and the Class are entitled to compensatory, punitive, and statutory damages; and

    e) Whether Plaintiff and the Class are entitled to attorney fees and costs.

59. **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)): The claims of the Plaintiff and the respective Class are based on the same legal theories and arise from the same unlawful and willful conduct of Defendants, resulting in the same injury to the Plaintiff and Class. Plaintiff and all class members are similarly affected by Defendants' wrongful conduct and were damaged in the same way. Plaintiff's interests coincide with, and are not antagonistic to, those of the other class members. Plaintiff has been damaged by the same wrongdoing set forth in this Complaint.

60. **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class members, and they have retained counsel competent and experienced in complex class action, mass arbitrations, and consumer litigation. Plaintiff and his counsel will fairly and adequately protect the interest of the class members.

61. **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)): A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and class members. There is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual

class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation; the court system could not, given the thousands of cases that would need to be filed. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

62. **Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P. 23(b)(2)): In the alternative, this action may properly be maintained as a class action, because:

   a) the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Defendants; or

   b) the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

   c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

63. **Superiority** (Fed. R. Civ. P. 23(b)(3)): A class action is a superior method for the fair and efficient adjudication of this controversy because:

a) Class-wide damages are essential to induce Defendants to comply with the law.

b) Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.

c) Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

d) Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

e) Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f) Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.

## COUNT I

### BREACH OF CONTRACT

64. Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully set forth herein.

65. The parties agreed that California law applies to Defendants' agreement with Plaintiff, and that it has been made in California.

66. The Terms clearly and unambiguously provide that:

[A]ny disputes arising with respect to this TOS between you and Plex ("parties") shall be referred to an arbitrator affiliated with the Judicial Arbitration and Mediation Services, Inc. ("JAMS").

67. The arbitration clause also explicitly mandates that:

Arbitration shall be conducted under the rules then prevailing of

11
Class Action Complaint

1        JAMS/ENDISPUTE Streamlined Arbitration Rules and Procedures in effect at the time of filing of the demand for arbitration.

68. Yet, in defiance of those obligations, Defendants refused to pay their share of the non-refundable fees to JAMS, as required by the Terms-mandated JAMS Streamlined Arbitration Rules and Procedures.

69. The October 14, 2024 JAMS invoice has now been pending for more than 30 days, without payment. And it has been more than 30 days since November 13, 2024, when JAMS rejected Defendants' plea to recalculate filing fees.

70. As a direct result of Defendants' failure to comply with their own agreement, JAMS will not administer the arbitration for Plaintiff and the Class until Defendants pay the required filing fees.

71. Consequently, Defendants breached their contract with Plaintiff and the Class. Defendants' deliberate avoidance of their financial obligations rendered the arbitration clause meaningless and ineffective.

72. Moreover, Defendants' conduct also constitutes a breach of the implied covenant of good faith and fair dealing inherent in every contract. By choosing to sabotage the arbitration process—through non-payment of fees and delay of action—Defendants thwarted the core purpose of arbitration: to resolve disputes efficiently and fairly.

73. Plaintiff and the Class have suffered harm by filing an arbitration, believing in good faith that Defendants would abide by the Terms and participate in the process. Instead, Defendants had no intention of fulfilling their own obligations.

74. Plaintiff and the Class have also been injured by the significant and unreasonable delays caused by Defendants' conduct, forcing them to bring their claims to this Court for relief.

75. Plaintiff and the Class lack an adequate remedy at law.

76. Accordingly, Plaintiff seeks damages to compensate for the costs and delays incurred, as well as declaratory and injunctive relief, and all available remedies

Class Action Complaint

and relief under Cal. Code Civ. P. §§ 1281.97 to enforce the terms of the arbitration agreement, including by compelling arbitration and preventing Defendants from undermining the dispute resolution process in the future.

## COUNT II

### RELIEF AND SANCTIONS UNDER CALIFORNIA S.B. 707

77. Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

78. California law applies to the claims of all class members. The Terms explicitly state that they are governed by California law, require arbitration to take place in Santa Clara County, and incorporate California procedural rules, such as Cal. Code Civ. Proc. § 1283.05 for discovery. The Terms also mandate that enforcement actions must be brought in California courts, with all parties expressly consenting to the jurisdiction of those courts. Moreover, Defendant Plex, Inc. is headquartered in Campbell, California, and significant events giving rise to Plaintiff's claims occurred within the state.

79. Plaintiff and the Class are entitled to specific forms of relief under California law because of Defendants' breach of an arbitration agreement. *See* S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), *codified at* Cal. Code Civ. P. § 1281.97 ("SB 707").

80. Specifically, S.B. 707 § 1281.97 provides:

> (a)(1) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement is in default of the arbitration, and waives its right to compel arbitration . . .
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following:
>
> > (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction. If the employee or consumer withdraws

13

Class Action Complaint

> the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction, the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum.
>
> (2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration.

81. Defendants are "drafting part[ies]" because they are "the compan[ies] or business[es] that included a pre-dispute arbitration provision in a contract with a consumer." *Id.* § 1280(e).

82. Defendants have materially breached the agreement to arbitrate by failing to pay the JAMS filing fee within 30 days of its due date.

83. Specifically, JAMS issued an invoice to Defendants on October 14, 2024, with payment due upon receipt. Defendants have not yet paid the invoice, and more than 30 days have passed.

84. And it has been more than 30 days since November 13, 2024, when JAMS rejected Defendants' request to recalculate the filing fees.

85. Accordingly, Plaintiff and the Class seek an order requiring Defendants to comply with the JAMS rules, declaring them in violation of and to compel arbitration in which Defendants "shall pay reasonable attorney's fees and costs related to the arbitration." *Id.* § 1281.97(b)(2).

### COUNT III

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW ("UCL")

### CAL. BUSINESS & PROFESSIONAL CODE § 17200 ET SEQ.

86. Plaintiff incorporates by reference each of the allegations contained in the preceding and following paragraphs of this Complaint and further alleges as follows.

87. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

88. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

89. Defendants' conduct constitutes an unlawful business practice under the UCL. Defendants' Terms explicitly require disputes to be resolved through arbitration under the JAMS Streamlined Arbitration Rules and Procedures. Despite this mandate, Defendants have failed to pay the arbitration fees necessary for Claimants to proceed, in direct violation of the Terms. By failing to abide by its own contractual terms, Defendants have engaged in conduct that violates established legal principles governing contracts and arbitration agreements, including California law and federal arbitration jurisprudence.

90. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

91. Defendants' refusal to arbitrate under its own Terms is unfair within the meaning of the UCL. Defendants exploit their position as the drafter of the Terms to impose arbitration as the sole dispute resolution mechanism while simultaneously obstructing the arbitration process by failing to pay the requisite fees. This creates a significant and unfair imbalance, leaving consumers without recourse while insulating Defendants from accountability. Such conduct is unethical, oppressive, and injurious to consumers.

92. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

93. Defendants' representations in its Terms of Service that disputes would be resolved through arbitration under JAMS are fraudulent. Defendants' subsequent refusal to comply with its arbitration obligations undermines the integrity of these representations, misleading consumers about their rights and remedies under the agreement.

94. Plaintiff and similarly situated individuals have suffered injury in fact as a

15

Class Action Complaint

result of Defendants' conduct. By refusing to pay the fees required to proceed with arbitration, Defendants have denied Plaintiff and others the benefit of the agreed dispute resolution process, forcing them to expend time and resources in an attempt to enforce their contractual rights. Defendants' conduct also harms the public by undermining consumer trust in arbitration agreements and discouraging individuals from pursuing valid claims.

95. Through their refusal to honor their arbitration obligations, Defendants have avoided the financial and legal consequences of their actions, unfairly retaining monies and resources at the expense of consumers who are left without recourse.

96. As such, Plaintiff and the Class seek an order enjoining Defendants from continuing their unlawful practices, restitution of all amounts unlawfully obtained through Defendants' practices, disgorgement of any ill-gotten gains resulting from such unfair practices, recovery of attorneys' fees and costs, and such other and further relief as the Court deems just and proper. *See* Cal. Bus. & Prof. Code § 17200-17208.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of themselves, the Class and California Subclass as follows:

A. certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the Class, and designating Plaintiff's counsel as Class Counsel;

B. awarding Plaintiff and the Class compensatory damages and actual damages, to be determined by proof;

C. awarding Plaintiff and the Class appropriate relief, including actual damages;

D. for punitive damages;

E. for civil penalties;

F. for injunctive relief;

G. for an order compelling arbitration with Defendants to pay costs and all available sanctions pursuant to S.B. 707;

H. for declaratory and equitable relief, including restitution and disgorgement;

I. awarding Plaintiff and the Class the costs of prosecuting this action;

J. awarding Plaintiff and the Class reasonable attorneys' fees and costs as allowable by law;

K. awarding pre-judgment and post-judgment interest; and

L. granting any other relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims so triable.

Respectfully submitted,

Dated: December 16, 2024

**JANOVE PLLC**
Raphael Janove (*pro hac vice* forthcoming)
500 7th Ave., 8th Fl.
New York, NY 10018
(646) 347-3940
raphael@janove.law

By: /s/ *Liana Vitale*
Liana Vitale (SBN 348772)
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
(805) 505-9550
liana@janove.law

*Attorneys for Plaintiff and the Proposed Classes*

Class Action Complaint