Christopher J. Seusing *(Admitted Pro Hac Vice)*
cseusing@wshblaw.com
Sean V. Patel *(Pro Hac Vice Admission Forthcoming)*
spatel@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, NY 10017
Tel: 475-755-7050

Jacob P. Wilson (State Bar No. 331448)
jwilson@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor,
Los Angeles, CA 90024
Tel: 310-481-7702

*Attorneys for Defendants,*
**PLEX, INC. AND PLEX GMBH**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oliver Tsuya, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLEX, INC. and PLEX GMBH,<br><br>Defendants. | Case No. 5:24-cv-09078-EKL<br><br>**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 5, 2025<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Judge: The Honorable Eumi K. Lee<br><br>*[Filed concurrently with Declaration of Christopher J. Seusing In Support of Motion to Dismiss Plaintiff's Class Action Complaint; and (Proposed) Order]* |

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on March 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at San Jose Courthouse, Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113 Defendants, Plex, Inc. and Plex GmbH (collectively, "Plex") will, and hereby does, move this Court for an order dismissing Plaintiff, Oliver Tsuya's ("Plaintiff"), Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for failing to satisfy the Article III standing requirement, and pursuant to Fed. R. Civ. P. 12(b)(6) for failing to plead facts sufficient to support his causes of action against Plex.

The motion is made based on the attached memorandum of points and authorities, the Declaration of Christoper J. Seusing, the record in this action, and such other argument and evidence as may be presented at the time of hearing.

DATED:  January 6, 2024          WOOD, SMITH, HENNING & BERMAN LLP

By:    /s/ Jacob P. Wilson
                   JACOB P. WILSON
                   CHRISTOPHER J. SEUSING
                   (*Admitted Pro Hac Vice*)
                   SEAN V. PATEL
                   (*Pro Hac Vice Admission Forthcoming*)
                   **Attorneys for Defendants, PLEX, INC. AND PLEX GMBH**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION................................................................................................1

II.     STATEMENT OF RELEVANT FACTS ............................................................1

III.    THIS COURT SHOULD DISMISS THIS ACTION BECAUSE THE
        ARBITRATION WITH JAMS IS STILL ACTIVE AND HAS NOT BEEN
        ADMINISTRATIVELY CLOSED........................................................................3

IV.     THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS
        ENTIRETY BECAUSE THE FAA PREEMPTS THE CAA AND SB 707 .......4

V.      THIS COURT SHOULD DISMISS THE UCL CLAIM BECAUSE PLAINTIFF IS
        A RESIDENT OF UTAH AND FAILS TO ALLEGE THAT ANY
        MISCONDUCT OCCURRED IN CALIFORNIA ...............................................6

VI.     THIS  COURT SHOULD DISMISS PLAINTIFF'S CLASS ALLEGATIONS
        BECAUSE HE CONSENTED TO A CLASS ACTION WAIVER.....................7

VII.    THIS COURT SHOULD DISMISS PLAINTIFF'S PUNITIVE DAMAGES
        CLAIM AS IT IS PREMISED ON BREACH OF CONTRACT ..........................8

VIII.   CONCLUSION ...................................................................................................8

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

36090732.1:12373-0011

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## **TABLE OF AUTHORITIES**

**CASES**          **PAGE**

*Alberts v. Liberty Life Assurance Co. of Bos.*,
65 F. Supp. 3d 790 (N.D. Cal. 2014) .................................................. 8

*Alvarez v. AbbVie, Inc.*,
No. CV168055TJHJEMX, 2017 WL 10560635 (C.D. Cal. Dec. 6, 2017).......................... 8

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) .................................................................. 7

*Belyea v. Greensky, Inc.*,
637 F.Supp.3d 745 (N.D. Cal. 2002) ................................................... 5

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010).......................................................... 3

*Churchill Vill., L.L.C. v. Gen. Elec. Co.*,
169 F. Supp. 2d 1119 (N.D. Cal. 2000),
aff'd sub nom. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) .............. 6

*Ding v. Structure Therapeutics, Inc.*,
No. 24-CV-01368-JSC, 2024 WL 4609593 (N.D. Cal. Oct. 29, 2024) ............................. 5

*Ehret v. Uber Techs., Inc.*,
68 F. Supp. 3d 1121 (N.D. Cal. 2014) ................................................. 6

*Endurance American Specialty Ins. Co. v. Lance–Kashian*,
2010 WL 3619476 (E.D.Cal.2010) ...................................................... 8

*Hernandez v. Sohnen Enterprises, Inc.*,
102 Cal. App. 5th 222, 321 Cal. Rptr. 3d 283 (2024), *reh'g denied* (June 3, 2024) ............. 4

*Johnson v. City of San Francisco*,
No. C 09-05503 JSW, 2010 WL 3078635 (N.D. Cal. Aug. 5, 2010) ............................... 3

*Johnson v. Gruma Corp.*,
614 F.3d 1062 (9th Cir. 2010)......................................................... 4

*Kramer v. Toyota Motor Corp.*,
705 F.3d 1122 (9th Cir. 2013)......................................................... 4

*La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*,
No. 17CV1124-MMA (WVG), 2017 WL 4870374 (S.D. Cal. Oct. 27, 2017).................... 8

*Lee v. Citigroup Corp. Holdings, Inc.*,
No. 22-CV-02718-SK, 2023 WL 6132959 (N.D. Cal. Aug. 29, 2023) ............................. 5

*Lewis v. UBS Fin. Servs. Inc.*,
818 F. Supp. 2d 1161 (N.D. Cal. 2011) ................................................ 7

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .................................................................. 3

*Miller v. Plex, Inc.*,
No. 22-CV-05015-SVK, 2024 WL 348820 (N.D. Cal. Jan. 30, 2024) .................................. 4

*Mosley v. Wells Fargo & Co.*,
No. 24-CV-03173-JST, 2024 WL 4804972 (N.D. Cal. Nov. 14, 2024) ............................. 4,5

*R.C. v. Walgreen Co.*,
No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395 (C.D. Cal. May 9, 2024) .................. 6

*Riley v. QuantumScape Corp.*,
No. 22-CV-03871-BLF, 2023 WL 1475092 (N.D. Cal. Feb. 2, 2023),
*aff'd*, No. 23-15277, 2024 WL 885034 (9th Cir. Mar. 1, 2024) ........................................... 5

*Rodriguez v. Int'l Bus. Machines*,
960 F. Supp. 227 (N.D. Cal. 1997) ...................................................................................... 8

*Russell v. Siemens Indus. Software Inc.*,
No. 23-CV-03884-LJC, 2024 WL 4545970 (N.D. Cal. Oct. 21, 2024) .............................. 5

*Sheppard v. Staffmark Inv., LLC*,
No. 20-CV-05443-BLF, 2021 WL 690260 (N.D. Cal. Feb. 23, 2021) ................................ 7

*Steadfast Ins. Co. v. Essex Portfolio LP*,
No. 21-CV-02756-JSC, 2021 WL 3709010 (N.D. Cal. Aug. 20, 2021) ............................. 3

*Stormans, Inc. v. Selecky*,
586 F.3d 1109 (9th Cir.2009) .............................................................................................. 3

*Sullivan v. Oracle Corp.*,
51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237 (2011) ............................................. 6

*Roman v. Spirit Airlines, Inc.*,
482 F. Supp. 3d 1304 (S.D. Fla. 2020),
*aff'd*, No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021) ................................... 7

*Thomas v. Anchorage Equal Rights Comm'n*,
220 F.3d 1134 (9th Cir. 2000) ............................................................................................. 3

*Thomas v. Cnty. of Humboldt, California*,
No. 22-CV-05725-RMI, 2023 WL 3437295 (N.D. Cal. May 12, 2023) ............................ 3

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ......................................................................................................... 3

*TSI USA LLC v. Uber Techs., Inc.*,
No. 17-CV-03536-HSG, 2018 WL 4638726 (N.D. Cal. Sept. 25, 2018) .......................... 8

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016) .......................................................................................................... 3,4

*ValueSelling Assocs., LLC v. Temple*,
No. 09–CV–1493–JM (MDD), 2011 WL 2532560 (S.D. Cal. June 23, 2011),
*aff'd*, 520 F. App'x 593 (9th Cir. 2013) ............................................................................... 5

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## RULES

Fed. R. Civ. P. 12(b)(1) ............................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................ *passim*

Fed. R. Evidence 201 ....................................................................................................... 2

## STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq* ................................................................ *passim*

Cal. Bus. & Prof. Code § 17204 ...................................................................................... 6

S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), codified at Cal. Code Civ. P. § 1281.97 ....... *passim*

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3        Plaintiff is using the instant class action as a strategic and improper attempt to coerce Plex

4   to settle over 400 arbitrations which currently remain pending with JAMS. Specifically, Plaintiff

5   commenced a putative class action against Plex, a free service provider, alleging causes of action

6   for (i) breach of contract; (ii) relief and sanctions under California S.B. 707[1]; and (iii) violation of

7   the California Unfair Competition Law[2], based upon Plex's alleged violation of the California

8   Arbitration Act[3] "by failing to pay the JAMS[4] filing fee within 30 days of its due date." *See*

9   Complaint, ¶ 82. However, as explained below, Plaintiff's Complaint must be dismissed with

10  prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as the arbitration with JAMS is still active,

11  and it is Plaintiff's counsel that is preventing the arbitration from proceeding. *In fact, Plex has*

12  *repeatedly informed Plaintiff's counsel and JAMS that it is ready and willing to pay the fee for the*

13  *arbitration to proceed; however, Plaintiff's counsel refuses to agree to apply the correct JAMS rules*

14  *(and resulting fee schedule) to their arbitrations, despite repeated requests from JAMS and the*

15  *undersigned.* Furthermore, the Federal Arbitration Act[5] preempts the application of the SB 707 and

16  the CAA, therefore Plaintiff is not entitled to relief.

17  ### II.    STATEMENT OF RELEVANT FACTS

18       Plaintiff's counsel filed 519 unverified and unsupported demands for arbitration[6] with JAMS

19  _____

20  [1] S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), codified at Cal. Code Civ. P. § 1281.97 ("SB 707")

21  [2] Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL")

22  [3] Cal. Code Civ. P. § 1281, *et seq*. ("CAA")

23  [4] Judicial Arbitration and Mediation Services, Inc. ("JAMS")

24  [5] 9 U.S.C. § 1, *et seq.* ("FAA")

25  [6] The Complaint alleges that the parties agreed to Plex's Terms of Service revised June 6, 2023 (the

26  "Terms"), which allegedly contained an arbitration agreement which required Plaintiff to arbitrate

27  his claims with JAMS. *See Id*., *generally*.

28
_____
**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

against Plex alleging violations of the Video Privacy Protection Act and the California Invasion of Privacy Act (collectively, the "Demands"). *See* Declaration of Christopher J. Seusing, ¶ 3.  Rather than paying JAMS' non-refundable filing fee of $129,750, Plaintiff's counsel instead requested fee waivers for each of the 519 Demands, of which 417 were granted. *Id.*, ¶ 4. Rather than paying the remaining non-refundable filing fee of $25,500, Plaintiff's counsel dropped 102 of their clients and notified JAMS that they wished to proceed with only the 417 Demands that were granted fee waivers. *Id.*, ¶ 5.

Applying the Consumer Arbitration Fee Schedule, JAMS stated Plex's portion of the non-refundable filing fee was $834,000. *Id.*, ¶ 6. Plex immediately notified JAMS that it is ready and willing to proceed with arbitration and pay its portion of the non-refundable filing fee pursuant to the Mass Arbitration Fee Schedule as the 417 Demands are a "Mass Arbitration," as defined in JAMS' Mass Arbitration Procedure 1(c).[7] *Id.*, ¶ 7, Exhibit A. Rather than proceeding with arbitration and focusing on the legal merits of the 417 Demands, Plaintiff's counsel objected to the application of the Mass Arbitration Fee Schedule in an attempt to extort Plex and force settlement. *Id.*, ¶ 8. Recognizing Plaintiff's counsel's bad faith conduct, JAMS' responded by stating "JAMS' goal is to provide efficient and cost-effective dispute resolution, **[t]o that end, we encourage the parties to agree to the application of the Mass Arbitration Procedures** [emphasis added]" *Id.*, ¶ 9, Exhibit B. Plaintiff's counsel continues to refuse to agree to the Mass Arbitration Procedures and Guidelines, and instead improperly filed this misguided putative class action.

By preventing Plex from paying the non-refundable filing fee pursuant to the Mass

---

[7] JAMS has recognized that "the filing of dozens, hundreds or even thousands of individual claims may create administrative burden and onerous fees, as well as delay and potential unfairness to all parties, all of which may impair the integrity of the Arbitration process." Accordingly, JAMS issued its Mass Arbitration Procedures, which were "intended to facilitate the fair, expeditious and efficient resolution of Mass Arbitrations[.]" *See* https://www.jamsadr.com/mass-arbitration-procedures (pursuant to Federal Rule of Evidence 201, Plex requests this Court take judicial notice).

Arbitration Fee Schedule, Plaintiff's counsel is preventing the arbitration from moving forward. Additionally, the arbitration with JAMS is still active and has not been administratively closed. *Id.*, ¶¶ 10-13. Indeed, JAMS has not even provided a final "due date" to pay the non-refundable filing fee. *Id.*, ¶ 12. In short, it is Plaintiff's counsel who is abusing the arbitration process, and now the judicial system, while Plex has been attempting to proceed with the arbitrations as both parties have agreed.

### III.    THIS COURT SHOULD DISMISS THIS ACTION BECAUSE THE ARBITRATION WITH JAMS IS STILL ACTIVE AND HAS NOT BEEN ADMINISTRATIVELY CLOSED.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, ... that claims be 'ripe' for adjudication.... [R]ipeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (internal citation omitted); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (The doctrine of ripeness is "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.")."Ripeness – as a concept – attaches to not only claims, but also to allegations." *Thomas v. Cnty. of Humboldt, California*, No. 22-CV-05725-RMI, 2023 WL 3437295, at *15 (N.D. Cal. May 12, 2023) (listing cases). "Constitutional ripeness, in many cases, 'coincides squarely with standing's injury in fact prong' and 'can be characterized as standing on a timeline.'" *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1122 (9th Cir.2009) (internal citation omitted). "Ripeness may be properly raised in a Rule 12(b)(1) motion to dismiss." *Steadfast Ins. Co. v. Essex Portfolio LP,* No. 21-CV-02756-JSC, 2021 WL 3709010, at *2 (N.D. Cal. Aug. 20, 2021). "A plaintiff bears the burden of proving standing." *Johnson v. City of San Francisco,* No. C 09-05503 JSW, 2010 WL 3078635, at *1 (N.D. Cal. Aug.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

5, 2010). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). "Every class member must have Article III standing[.]" *Id.* "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016).

Here, the arbitration proceeding is still active and therefore Plaintiff's claims are not ripe and and the proposed class lacks Article III standing. *See* Declaration of Christopher J. Seusing, ¶¶ 10-13. Indeed, as this Court has previously recognized, "JAMS Rule 6(c) provides that, 'if, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings.'" *Miller v. Plex, Inc.,* No. 22-CV-05015-SVK, 2024 WL 348820, at *2 (N.D. Cal. Jan. 30, 2024). Here, JAMS has not ordered the suspension or termination of the arbitration proceeding, and has not notified the parties of its intention to do so. *See Id.* Furthermore, JAMS has not even provided Plex a final "due date" to pay the non-refundable filing fee. *See Id.* Accordingly, the instant claims are not ripe and Plaintiff and the proposed class lack standing and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## IV.    THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY BECAUSE THE FAA PREEMPTS THE CAA AND SB 707.

Plaintiff alleges that the CAA, and specifically SB 707, applies because "the parties agreed that California law applies to Defendant's agreement with Plaintiff." *See* Complaint, ¶ 65. In turn, Plaintiff alleges that Plex violated the CAA and SB 707 and therefore *ipso facto* "materially breached the agreement to arbitrate by failing to pay the JAMS filing fee within 30 days of its due date." *See Id.*, ¶ 83.  However, "every court in this district that has considered the issue has held that the FAA does preempt SB 707." *Miller v. Plex, Inc.,* No. 22-CV-05015-SVK, 2024 WL 348820, at *5 (N.D. Cal. Jan. 30, 2024) (listing cases).

The FAA "governs the enforceability of arbitration agreements in contracts involving interstate commerce." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). "When

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

---

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

an agreement falls within the purview of the FAA, there is a 'strong default presumption…that the FAA, not state law, supplies the rules for arbitration.'" *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (internal citation omitted). Indeed, "a general choice-of-law clause in a contract is insufficient to overcome the presumption that the FAA governs." *Mosley v. Wells Fargo & Co.,* No. 24-CV-03173-JST, 2024 WL 4804972, at *3 (N.D. Cal. Nov. 14, 2024). "Even general references to California law in an arbitration provision are, on their own, insufficient to overcome the presumption." *Riley v. QuantumScape Corp.*, No. 22-CV-03871-BLF, 2023 WL 1475092, at *4 (N.D. Cal. Feb. 2, 2023), *aff'd*, No. 23-15277, 2024 WL 885034 (9th Cir. Mar. 1, 2024). Instead, "<u>the parties must explicitly state their intent to incorporate California law as it relates to arbitration</u>." *ValueSelling Assocs., LLC v. Temple*, No. 09–CV–1493–JM (MDD), 2011 WL 2532560 at *2 (S.D. Cal. June 23, 2011), *aff'd*, 520 F. App'x 593 (9th Cir. 2013) (emphasis added).

Applying these principles, this Court has held that "the FAA preempts § 1281.97" and "the FAA Preempts Section 1281.98." *See Lee v. Citigroup Corp. Holdings, Inc.,* No. 22-CV-02718-SK, 2023 WL 6132959, at *2 (N.D. Cal. Aug. 29, 2023); *Russell v. Siemens Indus. Software Inc.,* No. 23-CV-03884-LJC, 2024 WL 4545970, at *7 (N.D. Cal. Oct. 21, 2024); *see also Belyea v. Greensky, Inc.*, 637 F.Supp.3d 745, 756 (N.D. Cal. 2002) (same); *Ding v. Structure Therapeutics, Inc.,* No. 24-CV-01368-JSC, 2024 WL 4609593, at *4 (N.D. Cal. Oct. 29, 2024) (same). This Court's position is also consistent with that taken by California state courts. *See Hernandez v. Sohnen Enterprises, Inc.,* 102 Cal. App. 5th 222, 238, 321 Cal. Rptr. 3d 283, 296 (2024), *reh'g denied* (June 3, 2024) ("We conclude the parties selected the FAA in its entirety. Under these circumstances, section 1281.97 of the CAA does not apply and the order under section 1281.97 must be reversed. Even if we were to conclude that section 1281.97 applies, however, we would still reverse, because <u>when an agreement falls within the scope of the FAA and does not expressly select California arbitration procedures, the FAA preempts the provisions of section 1281.97 that require finding a breach…of the parties' arbitration agreement as a matter of law</u>."(emphasis added)).

Here, relying on the Terms, Plaintiff premises his claims based upon Plex's alleged violation of the CAA and SB 707 for "failing to pay the JAMS filing fee within 30 days of its due date." *See* Complaint, ¶ 83. However, the same Terms which Plaintiff relies on also provides that the parties

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  relationship "will be governed by the Federal Arbitration Act." *See* Complaint, Exhibit A.

2  Accordingly, as the FAA preempts the CAA and SB 707, Plex is not in material breach of any

3  alleged agreement and therefore Plaintiff has no basis for his claims. Additionally, as explained

4  above, the arbitration proceeding is still active and JAMS has not provided a "due date" to pay

5  JAMS filing fee. *See* Declaration of Christopher J Seusing, ¶¶ 10-13. Accordingly, Plaintiff's

6  Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

7  **V.    THIS COURT SHOULD DISMISS THE UCL CLAIM BECAUSE PLAINTIFF IS A
    RESIDENT OF UTAH AND FAILS TO ALLEGE ANY MISCONDUCT
8    OCCURRED IN CALIFORNIA.**

9       Plaintiff alleges that Plex violated the UCL. However, as an initial matter, Plaintiff does not

10  have standing to bring such a claim because as this Court has continuously held, the UCL "does not

11  support claims by non-California residents where none of the alleged misconduct or injuries

12  occurred in California…Indeed, beyond California's presumption against the extraterritorial

13  application of its laws, a California court's adjudication of non-residents' claims that lack a nexus

14  with California 'raises significant due process problems.'" *Churchill Vill., L.L.C. v. Gen. Elec. Co*.,

15  169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000), aff'd sub nom. *Churchill Vill., L.L.C. v. Gen. Elec*.,

16  361 F.3d 566 (9th Cir. 2004); *see also Ehret v. Uber Techs., Inc.,* 68 F. Supp. 3d 1121, 1130 (N.D.

17  Cal. 2014) ("Simply put, 'the UCL does not apply to actions occurring outside of California that

18  injure non-residents.'"); *Sullivan v. Oracle Corp.,* 51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d

19  237 (2011) ("However far the Legislature's power may theoretically extend, we presume the

20  Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state.'").

21  Here, Plaintiff fails to allege that he has any ties to California. *See* Complaint, generally. Rather,

22  Plaintiff admits that he is a "Utah resident." *See Id*., ¶ 15. Accordingly, Plaintiff lacks standing to

23  bring a UCL claim and such claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

24       In addition to the above, Plaintiff's UCL claim must be dismissed because it "may only be

25  brought by 'a person who has suffered injury in fact and has lost money or property as a result of

26  the unfair competition.'" *R.C. v. Walgreen Co.,* No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395,

27  at *17 (C.D. Cal. May 9, 2024) (*quoting* Cal. Bus. & Prof. Code § 17204). In short, a plaintiff must

28

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

"demonstrate some form of economic injury", which Plaintiff has failed to allege. *See Id*; *see also* Complaint, *generally*. Accordingly, Plaintiff's UCL claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## VI.    THIS COURT SHOULD DISMISS PLAINTIFF'S CLASS ALLEGATIONS BECAUSE HE CONSENTED TO A CLASS ACTION WAIVER.

It "is well-established that parties can agree to class action waivers." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 334 (2011). Indeed, this Court has held on multiple occasions that "class action waivers are not unconscionable and are enforceable." *Lewis v. UBS Fin. Servs. Inc.,* 818 F. Supp. 2d 1161, 1166 (N.D. Cal. 2011); *see also Sheppard v. Staffmark Inv., LLC,* No. 20-CV-05443-BLF, 2021 WL 690260, at *7 (N.D. Cal. Feb. 23, 2021) (same). To that end, the "enforceability of a procedural device, like a class action waiver, should be resolved…by way of a motion to dismiss." *Roman v. Spirit Airlines, Inc.,* 482 F. Supp. 3d 1304, 1311 (S.D. Fla. 2020), *aff'd,* No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021). Here, Plaintiff alleges that the Terms govern the parties relationship. *See* Complaint, *generally*. However, even assuming the truth of this allegation, Plaintiff is still unable to maintain a class action because the same Terms which Plaintiff relies on expressly contain a class action waiver. For instance, Section Five of the Terms provides, in part:

> Class Action Waiver. You and Plex agree to only bring claims arising from this TOS on an individual basis and not as a plaintiff or class member in any purported class or representative action or proceeding. Unless you and Plex agree otherwise, more than one person's or party's claims may not be consolidated. You and Plex agree that relief (including monetary, injunctive, and declaratory relief) may be awarded only in favor of the individual party seeking relief and only to the extent necessary to provide relief necessitated by that party's individual claim(s).

*See* Complaint, Exhibit A. Additionally, Section Nine of the Terms provides, in part:

> You and Plex waive trial by jury. Moreover, you may bring claims only on your own behalf. Neither you nor Plex will participate in a class action or class-wide arbitration for any claims covered by this TOS. You also agree not to participate in claims brought in a private attorney general or representative capacity, or consolidated claims involving another person's account, if Plex is a party to the proceeding.

*See Id*. Accordingly, as Plaintiff consented to a class action waiver, Plaintiff's class allegations must

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## VII.    THIS COURT SHOULD DISMISS PLAINTIFF'S PUNITIVE DAMAGES CLAIM AS IT IS PREMISED ON BREACH OF CONTRACT.

"District courts are authorized to dismiss claims for damages when raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *La Jolla Spa MD, Inc. v. Avidas Pharms., LLC,* No. 17CV1124-MMA (WVG), 2017 WL 4870374, at *7 (S.D. Cal. Oct. 27, 2017) (listing cases); *see also TSI USA LLC v. Uber Techs., Inc.,* No. 17-CV-03536-HSG, 2018 WL 4638726, at *7 (N.D. Cal. Sept. 25, 2018) ("Claims for damages that are precluded as a matter of law may be dismissed under Federal Rule of Civil Procedure 12(b)(6)."); *Alvarez v. AbbVie, Inc.,* No. CV168055TJHJEMX, 2017 WL 10560635, at *2 (C.D. Cal. Dec. 6, 2017) ("A party may move to dismiss, under Fed. R. Civ. P. 12(b)(6), prayers for relief that are precluded as a matter of law."). To that end, "punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." *Endurance American Specialty Ins. Co. v. Lance–Kashian,* 2010 WL 3619476 (E.D.Cal.2010) at *18. Furthermore, as this Court has continuously held, "punitive damages are never available solely for a breach of contract claim, even where the breach is intentional, wilful, or in bad faith." *Alberts v. Liberty Life Assurance Co. of Bos.,* 65 F. Supp. 3d 790, 795 (N.D. Cal. 2014); *see also Rodriguez v. Int'l Bus. Machines,* 960 F. Supp. 227, 232 (N.D. Cal. 1997) ("punitive damages…are not recoverable on a breach of contract claim."). Here, as explained above, Plaintiff alleges that Plex violated the CAA and SB 707 and therefore *ipso facto* "materially breached the agreement to arbitrate by failing to pay the JAMS filing fee within 30 days of its due date." Accordingly, as Plaintiff's causes of action are premised on an alleged breach of contract, Plaintiff is not entitled to an award of punitive damages. As such, Plaintiff's punitive damages claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## VIII.    CONCLUSION

In short, Plex is prepared to proceed with Plaintiff's arbitration with JAMS and is imploring Plaintiff to stop the gamesmanship with arbitration fees so that the parties can proceed to the merits

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

1   of arbitration. In the meantime, Plex respectfully moves pursuant to Fed. R. Civ. Pro. 12(b)(1) and

2   (6) for an order dismissing this matter; or alternatively pursuant to Fed. R. Civ. Pro. 12(6) for an

3   order dismissing Plaintiff's class allegations. Plex seeks such further relief as appears lawful,

4   equitable, and just, including all reasonable attorneys' fees and costs associated with responding to

5   Plaintiff's improper use of the litigation process pursuant to Section Eight of the Terms. *See*

6   Complaint, Exhibit A.

7

8   DATED:  January 6, 2025                    **WOOD, SMITH, HENNING & BERMAN LLP**

9

10                                            By: _____
                                                   */s/ Jacob P. Wilson*
11                                                 JACOB P. WILSON
                                                   CHRISTOPHER J. SEUSING
12                                                 (*Admitted Pro Hac Vice*)
                                                   SEAN V. PATEL
13                                                 (*Pro Hac Vice Admission Forthcoming*)
                                                   ***Attorneys for Defendants, PLEX, INC.***
14                                                 ***AND PLEX GMBH***

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2025, I electronically filed the foregoing **DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Raphael Janove, Esq.<br>**JANOVE PLLC**<br>500 7th Ave., 8th Fl.<br>New York, New York 10018<br>Telephone: (646) 347-3940<br>Email: raphael@janove.law<br><br>Liana Vitale, Esq.<br>**JANOVE PLLC**<br>979 Osos St., Suite A5<br>San Luis Obispo, CA 93401<br>Telephone: (805) 505-9550<br>Email: liana@janove.law | *Attorneys for Plaintiffs,*<br>**OLIVER TSUYA AND THE PROPOSED CLASSES** |

*/s/ Teresa Cabanday*
Teresa Cabanday

36090732.1:12373-0011

-1-

**DEFENDANT PLEX, INC.'S AND PLEX GMBH'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**